**Jan TOKARZ, doing business as J.J. Store, Plaintiff–Appellant,**

v.

**LOT POLISH AIRLINES, also known as Polskie Linie Lotnicze, Defendant–Appellee,**

Bartosz Travel Agency, Inc., Millenium Tours, P & F International, Inc., American Travel Abroad, Inc. and Kathleen Anne Roberts, Esq., Defendants.

No. 06–5574–cv.

United States Court of Appeals, Second Circuit.

Dec. 21, 2007.

Matthew E. Moloshok, Hellring Lindeman Goldstein & Siegal LLP, Newark, N.J., for Plaintiff–Appellant.

Jean Cooper Rose, (Michael J. Holland, Sarah R. Connelly, Michael Koueiter, of counsel), Condon & Forsyth LLP, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Jan Tokarz, doing business as J.J. Store ("J.J." or "Appellant") appeals from a decision of the district court, following a bench trial, dismissing its various claims against Defendant–Appellee LOT Polish Airlines ("LOT" or "Appellee"). *Tokarz v. LOT Polish Airlines,* No. 96–CV–3154, 2006 WL 2850611 (E.D.N.Y. Oct. 3, 2006). Before this Court, J.J. challenges the dismissal only of its claim—made under Section 1 of the Sherman Act, 15 U.S.C. § 1, and the New

York Donnelly Act, N.Y. Gen. Bus. L. § 340—that LOT participated in a conspiracy in restraint of trade with various travel agencies in Greenpoint, Brooklyn ("Greenpoint Agents"). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Appellant argues that its complaint is best analyzed as asserting a horizontal conspiracy, which, as we have held, requires a court to determine (1) whether the alleged participants had the capacity to conspire, and (2) whether there was an actual conspiracy. *Capital Imaging Assocs. P.C. v. Mohawk Valley Med. Assocs., Inc.,* 996 F.2d 537, 544–45 (2d Cir.1993). The capacity to conspire "is determined by the economic realities of the alleged coconspirators' relationship." *Belfiore v. New York Times Co.,* 826 F.2d 177, 182 (2d Cir.1987). In this case, such analysis would turn on whether, for the purposes of distributing tickets on LOT Polish Airlines, the Greenpoint Agents were common entities with, or economically distinct from, LOT. The district court did not address, in its decision, whether LOT and the Greenpoint Agents had the capacity to conspire. In its oral decision on the motions for summary judgment, however, the district court found that it could not say as a matter of law that the various defendants did *not* have the capacity to conspire with each other. For purposes of this order, we will assume *arguendo* the capacity to conspire and turn to the second prong of analysis.

Though determining whether an actual conspiracy exists necessarily requires factual findings, "the ultimate conclusion by the trial judge, that the defendants' conduct did not constitute a combination or conspiracy in violation of the Sherman Act" is a matter of law, reviewed *de novo. United States v. General Motors Corp.,* 384 U.S. 127, 142 n. 16, 86 S.Ct. 1321, 16 L.Ed.2d 415 (1966). In order to show an actual conspiracy, Appellant must demonstrate that LOT was involved with the Greenpoint Agents in a manner "designed to achieve an unlawful objective," *Capital Imaging,* 996 F.2d at 545. This involvement could occur either through a voluntary agreement on LOT's part, with the Greenpoint Agents, or as a result of unlawful pressure on LOT by the Greenpoint Agents.

Appellant did not proffer evidence sufficient to establish that LOT voluntarily engaged with the Greenpoint Agents in a conspiracy to boycott J.J. Store. Appellant argues that LOT was forced by the Greenpoint Agents into terminating the relationship between LOT and J.J.—a claim which, if supported, would make LOT's action an impermissible refusal to deal in aid of a horizontal conspiracy by the non-terminated Agents. *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.,* — U.S. ——, 127 S.Ct. 2705, 2717, 168 L.Ed.2d 623 (2007). But this assertion of coercion fails on the facts found by the district court. Upon review of the record before us, we conclude that the court's factual findings were not clearly erroneous. We therefore affirm the district court's determination that there was no conspiracy.

We have considered all of Appellants' claims and find them to be without merit. The judgment of the district court is AFFIRMED.